# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| JAMIE ELIJAH, | ) |
| | ) |
| Petitioner, | ) |
| | ) CAUSE NO. 4:17-CV-34 |
| vs. | ) |
| | ) |
| SUPERINTENDENT, | ) |
| | ) |
| Respondent. | ) |

## OPINION AND ORDER

This matter is before the Court on the Petition under 28 U.S.C. Paragraph 2254 for Writ of Habeas Corpus filed by Jamie Elijah, a pro se prisoner. For the reasons set forth below, the Court **DISMISSES** the petition **WITHOUT PREJUDICE** because the claims are unexhausted.

DISCUSSION

Elijah filed a habeas corpus petition challenging WCC 17-03-262, a prison disciplinary proceeding held at the Westville Correctional Facility. ECF 1 at 1. On April 7, 2017, a Disciplinary Hearing Officer (DHO) found him guilty of Assault/Battery in violation of B-212. *Id.* As a result, he was sanctioned with a demotion from Credit Class 1 to Credit Class 2. *Id.*

In his petition, Elijah attempts to raise two grounds to challenge the finding of guilt. However, he acknowledges that he has not presented any of these grounds to the Final Reviewing Authority. *Id.*

In habeas corpus proceedings, the exhaustion requirement is contained in 28 U.S.C. § 2254(b).

> Indiana does not provide judicial review of decisions by prison administrative bodies, so the exhaustion requirement in 28 U.S.C. § 2254(b) is satisfied by pursuing all administrative remedies. These are, we held in *Markham v. Clark*, 978 F.2d 993 (7th Cir. 1992), the sort of "available State corrective process" (§ 2254(b)(1)(B)(i)) that a prisoner must use. Indiana offers two levels of administrative review: a prisoner aggrieved by the decision of a disciplinary panel may appeal first to the warden and then to a statewide body called the Final Reviewing Authority. Moffat sought review by both bodies, but his argument was limited to the contention that the evidence did not support the board's decision. He did not complain to either the warden or the Final Reviewing Authority about the board's sketchy explanation for its decision. *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999), holds that to exhaust a claim, and thus preserve it for collateral review under § 2254, a prisoner must present that legal theory to the state's supreme court. The Final Reviewing Authority is the administrative equivalent to the state's highest court, so the holding of *Boerckel* implies that when administrative remedies must be exhausted, a legal contention must be presented to each administrative level.

*Moffat v. Broyles*, 288 F.3d 978, 981-82 (7th Cir. 2002).

Though after each ground, Elijah checked the box indicating that he presented it to the Final Reviewing Authority, this is

inconsistent with his previous response that he did not appeal to the Final Reviewing Authority. Because he did not attach a copy of the denial letter from the Final Reviewing Authority, it is not plausible to infer that he has exhausted his claims. Therefore this case will be dismissed without prejudice. Because the dismissal is without prejudice, when (or if he has already) appealed to and been denied by the Final Reviewing Authority, he may file a new habeas corpus petition challenging this disciplinary hearing. At that time, he needs to also attach a copy of the denial letter from the Final Reviewing Authority.

CONCLUSION

For the reasons set forth above, the Court **DISMISSES** the petition **WITHOUT PREJUDICE** because the claims are unexhausted.

**DATED: May 12, 2017**

/s/RUDY LOZANO, Judge
**United State District Court**